UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| WILLARD NIEUWSMA, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES GOVERNMENT, ROBERT MANDEL, FORMER SD U.S. ATTORNEY; <br><br> Defendants. | 1:19-CV-01019-CBK <br><br><br><br> ORDER |

FILED
MAR 31 2020
CLERK

Plaintiff Willard Nieuwsma ("NIEUWSMA") filed a complaint claiming defendants manufactured false criminal charges against him in CR 84-10021 and are liable for money damages resulting from his criminal conviction. He seeks a declaration that the criminal judgment was void and asks that the judgment be set aside or reversed. He acknowledges that he has made several attempts to set aside his conviction and that all such attempts have been denied. He contends that he is entitled to a hearing in this case to redress his claim that he was denied due process, contending that "being deprived of ones (sic) constitutionally protected rights can be acted on at any time in any Court."

Defendants filed a motion to dismiss on the basis of sovereign immunity and prosecutorial immunity. The Court declines to address either defense. Nieuwsma's complaint must be dismissed as an improper challenge to his criminal conviction.

Nieuwsma pleaded guilty to conspiracy to commit mail fraud, that is, to use the mails in connection with a check kiting scheme involving the Campbell County Bank and the Bank of Hoven, both South Dakota banks. Although, pursuant to the terms of the plea agreement, the government recommended a sentence of probation, the Honorable Donald J. Porter imposed a sentenced of 15 months custody on January 31, 1985. Judge Porter's sentence was based upon the fact that the defendant and his codefendant, Darrel

Rausch ("Rausch"), exchanged checks totaling almost seven million dollars over the course of at least six months. Judge Porter noted that Nieuwsma knew the checks were not payment for anything and that he was depositing checks from Rausch knowing the checks were no good. It appeared that Nieuwsma agreed to help Rausch artificially inflate Rausch's bank account balance hoping to help Rausch stay in business and therefore be able to repay money owed to Nieuwsma. Although Nieuwsma cooperated with prosecutors, Judge Porter thought the offense was too serious to grant probation and the custodial sentence was designed to discourage similar conduct on the part of others. Although Judge Porter found Nieuwsma was able to pay a substantial fine, no fine was imposed.

Nieuwsma was allowed to voluntary surrender and was also allowed a 30-day stay of the execution of his sentence. He sought an additional 60 day stay of execution of sentence which was denied.

One month after the entry of the judgment, which was two days prior to the date he was supposed to self-surrender to begin serving his sentence, Nieuwsma filed a motion to file late appeal, a motion for stay of execution of sentence, a motion to withdraw his plea of guilty, and a motion for stay of execution of sentence pending appeal. The basis of the motion to withdraw plea was his contention that he was not aware that intent to defraud was an element of his offense and that he had no intent to defraud any bank. Judge Porter stayed the execution of sentence pending resolution of the various motions.

Ultimately, the motion to file late appeal was denied. The motion to withdraw guilty plea was denied. Nieuwsma appealed from the orders and also filed a motion to stay execution of sentence pending the appeals. A hearing on the motion to stay was held in July 1985. An order was finally entered in January 2006, directing Nieuwsma to report to the Federal Prison Camp in Duluth, Minnesota, to begin serving his sentence. In February 1986, the United States Court of Appeals for the Eighth Circuit affirmed Judge Porter's order denying the 28 U.S.C. § 2255 motion to withdraw guilty plea. United States v. Nieuwsma, 779 F.2d 1359 (8th Cir. 1986).

In April 1986, Nieuwsma filed a motion to amend the sentence to make it clear that he was subject to the pre-Sentencing Reform Act of 1984 parole provisions. Apparently, while incarcerated plaintiff underwent surgery and had been transferred to the Brown County, South Dakota, jail. Judge Porter granted the motion and ordered that, effective October 1, 1986, Nieuwsma should be released and deemed to have completed his sentence. He thus served only nine months of his 15-month sentence.

In 1999, Nieuwsma moved to unseal the grand jury records in his criminal case. That motion was denied.

In December 2003, Nieuwsma and Rausch filed a motion for a declaratory judgment that the criminal convictions were void based upon fraud upon the court and lack of jurisdiction. The motion was treated as a request for a writ of *coram nobis*. I denied the motion on the merits. Nieuwsma and Rausch appealed and the Eighth Circuit dismissed the appeal. They filed a motion for reconsideration which was denied by the Eighth Circuit in July 2005.

In December 2009, Nieuwsma and Rausch again filed a petition for a writ of *coram nobis* attacking the criminal judgments. I denied the petition on the basis that it constituted a second or successive motion to vacate which had not been authorized by the Court of Appeals. They filed a motion for reconsideration and a motion for disclosure of grand jury records. I denied those motions.

In 2011, Nieuwsma and Rausch filed a third petition for a writ of *coram nobis* attacking the criminal judgments. I summarily denied the third petition. They appealed and the Court of Appeals summarily affirmed.

In 2014, Nieuwsma and Rausch filed a motion for release of the grand jury transcript and any exculpatory evidence in the possession of the U.S. Attorney. They requested the Court consider a petition for a writ of *coram nobis* based upon those records. The United States Court of Appeals for the Eighth Circuit denied the petition and denied a subsequent request for rehearing.

Nieuwsma has now filed the instant action seeking, in essence, an order voiding his criminal conviction by way of a civil action. His complaint seeks what he has been

denied in his many previous habeas claims, an order vacating his conviction. He cannot bypass the requirement that he obtain authorization to file a second or successive motion to vacate under 28 U.S.C. § 2255 by challenging his conviction under 42 U.S.C. § 1983. United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002); Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir. 1997).

Now, therefore,

IT IS ORDERED that plaintiff's complaint is dismissed with prejudice. No costs shall be taxed. All pending motions are denied as moot.

DATED this 27th day of March, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge